Filed 6/18/25  P. v. Serpas CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095167 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE001752) |
| v. | OPINION ON TRANSFER |
| CESAR EDUARDO SERPAS, | |
| Defendant and Appellant. | |

A jury found defendant Cesar Eduardo Serpas guilty of several felonies related to an attempted carjacking and found true some associated enhancements.  The trial court sentenced defendant to the upper term on all counts that it could and imposed the maximum sentences on the enhancements.

In his prior appeal, defendant argued that we should vacate his sentence and remand for the trial court to consider whether to exercise its new discretion after several recent changes in the law, including Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) (Stats. 2021, ch. 731), which took effect while his appeal was pending.  In an unpublished opinion, we affirmed the judgment, concluding that the trial court

1

complied with amended Penal Code[1] section 1170, subdivision (b), in relation to one aggravating circumstance the court relied on in sentencing defendant to the upper term, and that the court's consideration of additional aggravating circumstances inconsistent with the new statutory standard was harmless error. (*People v. Serpas* (Oct. 2, 2023, C095167) [nonpub. opn.] (*Serpas*).)

Defendant sought review in the California Supreme Court, which ordered this court to vacate our previous opinion and reconsider the matter in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *People v. Salazar* (2023) 15 Cal.5th 416 (*Salazar*). Having done so, we agree with defendant that remand for a resentencing hearing is required.

BACKGROUND

Defendant and a codefendant approached two people getting in a car outside a store and robbed them at gunpoint. Defendant hit one of the victims in the head with his gun. The injured victim was able to escape into the nearby store while defendant attempted unsuccessfully to start the car. Defendant then entered the store, fired multiple shots, and made threats against calling the police before fleeing on foot.

Defendant was charged with six felonies: second degree robbery (§ 211—count one); attempted carjacking (§§ 664, 215, subd. (a)—count two); attempted murder (§§ 664, 187, subd. (a)—count three); assault with a semiautomatic firearm (§ 245, subd. (b)—count four); threatening a witness or victim (§ 136.1, subd. (c)(1)—count five); and being a convicted felon in possession of a firearm (§ 29800, subd. (a)(1)—count eight). Three sets of firearm enhancements were alleged: personal use of a firearm (§ 12022.5, subd. (a)) on counts one through five; personal use of a firearm (§ 12022.53, subd. (b)) on counts one through three; and intentional discharge of a firearm (§ 12022.53, subd. (c))

---

[1]    Undesignated section references are to the Penal Code.

2

on counts one through three. It further was alleged that defendant had a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12.) At trial, defendant stipulated to having been convicted of a felony offense.

The jury found defendant guilty of all charges and found true all enhancement allegations, although on count three it acquitted defendant of attempted murder, instead finding him guilty of the lesser included offense of attempted voluntary manslaughter (§§ 664, 192, subd. (a)), and found not true any of the intentional discharge of a firearm enhancements.

At the sentencing hearing on November 5, 2021, the trial court made several findings before imposing a sentence. It first held a court trial and found the prior strike allegation true beyond a reasonable doubt and denied defendant's motion to strike the strike, finding that "[t]here doesn't seem to be a willingness to be rehabilitated or certainly hasn't shown any valuable skills since incarceration." For this finding, the trial court relied on a certified record of defendant's prior strike conviction from the Department of Corrections and Rehabilitation.

The trial court next considered defendant's motion to stay execution of sentence on all but one conviction under section 654. The court denied this in part, finding that defendant's crimes could be split into two separate acts: The robbery and the attempted voluntary manslaughter/assault with a firearm in the store.

The trial court then explained its intent to impose the upper term sentence, saying, "[I]f this isn't a case for the upper[]term, then I don't know what is, given his criminal history, given the violence." Specifically, the court said it was "imposing the upper[]term for the following reasons: [California Rules of Court, rule]4.421(a)(1): The crimes involved great violence, other acts, disclosing a high degree of viciousness or callousness; [California Rules of Court, rule 4.421](a)(8): The manner in which the crimes were carried out indicates planning, professionalism; [California Rules of Court, rule 4.421](b)(1): The Defendant engaged in violent conduct, which indicates a serious

3

danger to society; [California Rules of Court, rule 4.421](b)(2): The Defendant's prior convictions and prior record; and [California Rules of Court, rule 4.421](b)(3): The Defendant has served a prior prison term. [¶] So in the aggregate, the Court finds all those sufficient to justify a[n] upper[]term. [¶] Even if the Court of Appeal were to find that one or more of those were not—were not appropriately imposed—even—based on even one of those factors, the Court would exercise its discretion to impose the upper[]term."

The trial court next discussed the enhancements. The court imposed 10 years for the firearm enhancements, even though it had the discretion to impose less time for the enhancements under section 12022.5, subdivision (a). It further explained that for the section 12022.53, subdivision (b), enhancements "[E]ven if, for some reason, I was supposed to use the [section] 12022.5[, subdivision] (a) instead of the [section 12022.]53, I would still impose the upper[]term." The court also considered its discretion to strike the firearm enhancements, deciding to not exercise this discretion for similar reasons it found the upper term appropriate, including that it found "that there are no factors in mitigation." It also declined to strike defendant's section 667, subdivision (a), enhancement "for all of the same reasons why it would not be in the interest of justice to strike the firearm enhancements."

The trial court then formally imposed the following sentence for a total of 38 years four months: on count four, nine years (upper term) doubled to 18 years for the prior strike plus 10 years for the section 12022.5, subdivision (a), firearm enhancement; on count one, one year (one-third the middle term) doubled to two years for the prior strike plus three years four months (one-third the middle term) for the associated section 12022.53, subdivision (b), enhancement; and five years for the prior serious felony conviction. (§ 667, subd. (a).) The court then imposed but stayed, under section 654, sentences on all remaining counts and enhancements.

4

DISCUSSION

At the time of defendant's sentencing, trial courts had discretion under sections 1170 and 1170.1 to select the appropriate term if a statute prescribed a sentencing triad. (§§ 1170, former subd. (b), 1170.1, former subd. (d).) Pursuant to Senate Bill No. 567, section 1170, subdivision (b)(1), now provides that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." The referenced exception provides that an upper term sentence may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Similarly, section 1170.1 now provides that a trial court may impose the upper term for an enhancement "only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170.1, subd. (d)(2).)

In our previous opinion, we determined that while Senate Bill No. 567 applied retroactively to defendant's nonfinal judgment, remand for resentencing was not required because the trial court found beyond a reasonable doubt that defendant suffered a prior strike, and the trial court's consideration of the other aggravating circumstances was harmless error. (*Serpas, supra*, C095167.) The California Supreme Court ordered this court to reconsider defendant's request for resentencing in light of *Lynch, supra*, 16 Cal.5th 730 and *Salazar, supra*, 15 Cal.5th 416. Having done so, we conclude that we must reverse defendant's sentence and remand for resentencing in compliance with Senate Bill No. 567.

5

As explained in *Lynch*, "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment's due process clause, 'provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt.' [Citations.] In the context of California's determinate sentencing scheme, *Cunningham v. California* (2007) 549 U.S. 270 . . . held that, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' (*Id.* at p. 281.) 'Inhering in that guarantee is an assurance that a guilty verdict will issue only from a unanimous jury.' " (*Lynch, supra*, 16 Cal.5th at p. 742.)

"Effective January 1, 2022, Penal Code section 1170, subdivision (b) (hereafter section 1170[, subdivision] (b)) was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170[, subdivision] (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction. (§ 1170[, subdivision] (b)(3).)" (*Lynch, supra*, 16 Cal.5th at p. 742, fn. omitted.) This amendment has been uniformly applied retroactively to defendants whose judgments were not final on direct appeal at the time the statute took effect. (*Id.* at pp. 742, 746.)

In *Lynch*, our high court held "that a court reviewing a case where the former version of section 1170[, subdivision] (b) was employed must apply the *Chapman* standard of review. (*Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).)" (*Lynch, supra*, 16 Cal.5th at pp. 742-743.) "Accordingly, in a case where the judgment is not yet final, a sentence imposed under former section 1170[, subdivision] (b) must be reversed

6

and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true *all of the aggravating facts upon which the court relied* to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute. (§ 1170[, subdivisions] (b)(2), (3).)" (*Id.* at p. 743, italics added; see also *id.* at p. 768.)

Here, the aggravating factors upon which the trial court relied were that the crime involved great violence, as well as planning and professionalism, defendant engaged in violent conduct indicating a serious danger to society, defendant's prior convictions/prior record, and defendant's prior prison term. Defendant did not stipulate to the existence of these circumstances, nor did the jury find them true beyond a reasonable doubt. There is a certified record of conviction in the record on appeal, but that would at most render the last two factors appropriately considered under the modified statutory framework. The remaining three factors are subjective. Our Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require "an imprecise quantitative or comparative evaluation of the facts." (*Lynch, supra*, 16 Cal.5th at pp. 775-776.) " ' "[T]o the extent a potential aggravating circumstance . . . rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Id*. at p. 775.) Such is the case here. Whether defendant posed a serious danger to society, the crimes involved planning and professionalism, or the crime involved great violence are somewhat subjective inquiries, not capable of precise determination. Any conclusion on our part would be speculative.

We therefore cannot find the omission of a jury finding harmless beyond a reasonable doubt as to all the aggravating facts upon which the trial court relied, and

defendant's sentence must consequently be vacated and the matter remanded for full resentencing.[2]  (*Lynch, supra*, 16 Cal.5th at p. 776.)

The People argue remand is not required because "the trial court only relied on a single aggravating circumstance."  In making this argument, the People focus on the trial court's statement:  "[B]ased on even one of those factors, the Court would exercise its discretion to impose the upper[]term."  The People contend this means that because at least one of the factors would have been proven beyond a reasonable doubt—defendant's prior prison term—remand is unnecessary because "the trial court's statements at sentencing gave a clear indication that it would impose an identical upper[]term sentence on remand."  This analysis misapplies *Lynch*.

The Supreme Court in *Lynch* analyzed "the appropriate remedy when the trial court was not aware of the full scope of its discretionary powers at the time of the defendant's sentencing."  (*Lynch, supra*, 16 Cal.5th at pp. 770-771.)  Under *Salazar* and the earlier case *People v. Gutierrez* (2014) 58 Cal.4th 1354, our Supreme Court in *Lynch* determined " 'it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' "  (*Lynch,* at p. 776.)  That was the case in *Lynch* as the trial court there "did not make the kind of definitive statements that we have found to clearly indicate it would not impose a lesser sentence under any circumstances."  (*Id*. at p. 777.)  Thus, the court found "[t]he reasoning in *Gutierrez* and *Salazar* also requires reversal of the sentence and remand here."  (*Ibid.*)

---

**2**  Defendant makes additional arguments challenging his sentence.  We do not address these arguments as defendant will be entitled to make them at his full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [explaining the full resentencing rule].)

We do not even reach the "clearly indicates" analysis under *Salazar* because there was reversible error under *Chapman*. The Supreme Court in *Lynch* never indicated that courts may bypass the *Chapman* analysis and rely instead on *Salazar*. Even though the trial court said it would hypothetically impose the upper term with any one factor, it ultimately said it was "imposing the upper[]term for the following reasons" and then named five factors. As discussed above, we cannot conclude that *Chapman* review is satisfied for "all of the aggravating facts relied upon by the trial court to justify [the] upper term." (*Lynch, supra*, 16 Cal.5th at p. 768.) The Supreme Court said plainly in *Lynch* that a defendant "is entitled to a reversal and remand for resentencing unless . . . we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence." (*Id*., at p. 775.) The *Salazar* analysis was an additional harmless error analysis that "*also require[d]* reversal of the sentence and remand" in *Lynch*. (*Id*. at p. 777, italics added.) Because we do not find the *Chapman* analysis satisfied, we do not reach the *Salazar* analysis. This is also why *People v. Cabada* (2025) 109 Cal.App.5th 1186, cited by the People does not apply here. In that case, the appellate court affirmed an upper term sentence after finding *both Chapman* and *Salazar* satisfied. (*Id*. at pp. 1193-1194 [finding "any factfinding error is harmless beyond a reasonable doubt" and "the trial court's statements clearly indicate that it would not have imposed a lesser sentence"].) Here, we have concluded that the trial court's actions do not pass muster under *Chapman*, thus reversal and remand is required.

## DISPOSITION

The sentence is reversed.  The matter is remanded for a full resentencing and further litigation of the aggravating circumstances and for the trial court to exercise its discretion under section 1170, subdivision (b), as amended.  The judgment is otherwise affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Renner, Acting P. J.

_____\s\_____,
Boulware Eurie, J.